# 𝔍𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

NEW YORK, PHILADELPHIA AND NORFOLK R. Co. v. CROMWELL.

### MARCH 22, 1900.

1. APPEAL AND ERROR—*Joint Contract—Several Judgments by Consent—Case at Bar.*—Two defendants, jointly sued on a contract, having agreed that a verdict might be rendered against either or both liable, and a verdict and judgment having been rendered against one and in favor of the other defendant, on a writ of error to the judgment against the defendant held liable, this court cannot enquire which of said defendants is primarily liable, as the other defendant is not before the court.

2. COMMON CARRIERS—*Cars Owned by Another—Unsuitable Cars—Liability of Carrier for Injury.*—A railroad company cannot escape responsibility for damages resulting from its failure to provide cars reasonably fit for the conveyance of the particular class of goods it undertakes to carry, by alleging that the cars used for the purpose of its own transit are the property of another, who undertook to provide the necessary materials to insure the fitness of said cars for such transportation. The owners of the cars will be deemed to be the agents and servants of the railroad company, and it will be held to the same liability as if it owned the cars.

Error to a judgment of the Court of Law and Chancery of the city of Norfolk, in action of *assumpsit*, wherein the defendant in error was the plaintiff, and the plaintiff in error and the California Fruit Transportation Company were the defendants.

*Affirmed.*

The opinion states the case.

*Borland & Wilcox*, for the plaintiff in error.

*Heath & Heath*, for the defendant in error.

HARRISON, J., delivered the opinion of the court.

E. F. Cromwell instituted this action against the California Fruit Transportation Company, and the New York, Philadelphia and Norfolk Railroad Company, alleging a joint liability upon the defendants, and seeking to recover damages alleged to have been sustained by him, in consequence of their failure as common carriers to transmit with due care certain strawberries intrusted to them for the Philadelphia and Boston markets.

It is a well established common-law rule that in all actions of contract the plaintiff must prove his contract against as many persons as he alleged it, and he must recover against all or none. This principle has been modified by statute. Code, sec. 3395. We are not, however, called upon to decide whether or not the case at bar comes within the provision of the statute, as the parties have taken it from under the operation of the common law by the following agreement:

" The court certifies that the foregoing evidence, which is hereby made a part of bill of exceptions, is all that was introduced upon the trial of this cause. And the court further certifies that after the jury had retired they returned into court, and the foreman asked the court whether the jury could find against one of the defendants and not against the other; that before the judge had responded to said inquiry one of the counsel who was engaged in the trial—all the counsel for all parties being then present—stated that *by agreement of counsel* they could find either against both or one of the defendants, or against the plaintiff, and thereupon the judge stated to the jury that *by consent of counsel for all parties* they could find against both or either defendant, or against the plaintiff."

After the jury were informed of this agreement of counsel, they brought in a verdict in the following words: " We, the jury, find for the plaintiff against the New York, Philadelphia and Norfolk Railroad Company, and assess his damages against

said defendant at $816.64. And we find for the defendant, the California Fruit Transportation Company." The court refused to set this verdict aside, and gave judgment in accordance therewith.

While insisting that neither is liable, the plaintiff in error relies chiefly upon the contention that, as between itself and the California Fruit Transportation Company, the latter is liable. The judgment in favor of the California Fruit Transportation Company has been allowed to pass unchallenged. No writ of error has been asked for, or obtained to the judgment in its favor. The plaintiff in error having agreed that the jury might find against either defendant, and the California Fruit Transportation Company not being a party before this court, we are not at liberty to enter upon a consideration of the controversy as to which of the two defendants is primarily liable.

The only question presented by the record before us is as to the liability of the plaintiff in error to the defendant in error. In other words, would the plaintiff in the court below have been entitled to the judgment complained of if the plaintiff in error had been sued alone?

The California Fruit Transportation Company is an Illinois corporation that furnishes what is known as refrigerator cars. These cars are constructed with ice tanks holding several tons of ice, and are specially used in the transportation of fruits, vegetables and other perishable articles. The plaintiff in error, doubtless in order that it might compete with other railroads similarly equipped, employed these refrigerator cars for the use of shippers of perishable freight over its line. The strawberries in question were delivered to and put in two of these refrigerator cars, which were then transferred to the road of the plaintiff in error, where they formed a part of its train. As the strawberries were delivered to the refrigerator cars, the receipt of that company would be given for the number of crates delivered, each receipt showing on its face that the consignment was subject to

the conditions of the railroad company's bill of lading. There was no bill of lading except that given by the plaintiff in error, and all the freight charges, including the extra charge for the use of the refrigerator cars, were paid to the plaintiff in error. It was necessary that these cars should be properly refrigerated and kept in that condition until the fruit reached its destination, and it clearly appears that the damage sustained by the defendant in error resulted from a failure to perform that duty.

In the case of the *Pennsylvania Co.* v. *Roy*, 102 U. S. 451, a passenger occupying a Pullman car was injured by a berth falling and striking him on the head. He instituted suit against the railroad company, and recovered judgment for $10,000 for the injuries sustained. The defence relied on was that the sleeping car in which the accident occurred was owned by the Pullman Palace Car Company, a corporation of the State of Illinois; that holders of railroad tickets were entitled to ride in said sleeping cars, provided they also held sleeping-car tickets; that the Pullman Palace Car Company, and it only, issued tickets for sale entitling passengers to ride in its sleeping cars, and that such tickets were sold at offices established by the Pullman Car Company; that the Pullman Car Company employed persons to take charge of its cars, and the latter, whilst in use, were in the immediate charge of a conductor and a porter employed by that company; and that such conductor and porter were the only persons who had authority to manage and control the interior of said cars, and the berths and seats and appurtenances thereto. The lower court instructed, as part of the law of the case, that if the car in which the accident occurred composed a part of the train in which the plaintiff and other passengers were to be transported upon their journey, and the plaintiff was injured while in that car without any fault of his own, and by reason either of the defective construction of the car or by some negligence on the part of those having charge of the car, then the

defendant was liable. This view of the law was upheld by the Supreme Court, Justice Harlan saying, in part:

"As between the parties now before us, it is not material that the sleeping car in question was owned by the Pullman Palace Car Company, or that such company provided, at its own expense, a conductor and porter for such car, to whom was committed the immediate control of its interior arrangements. The duty of the railroad company was to convey the passenger over its line. In performing that duty, it could not, consistently with the law and the obligations arising out of the nature of its business, use cars or vehicles whose inadequacy or insufficiency for safe conveyance, was discoverable upon the most careful and thorough examination. If it chose to make no such examination, or to cause it to be made; if it elected to reserve or exercise no such control or right of inspection, from time to time, of the sleeping cars which it used in conveying passengers, as it should exercise over its own cars, it was chargeable with negligence or failure of duty. The law will conclusively presume that the conductor and porter, assigned by the Pullman Palace Car Company to the control of the interior arrangements of the sleeping car in which Roy was riding when injured, exercised such control with the assent of the railroad company. For the purposes of the contract under which the railroad company undertook to carry Roy over its line, and, in view of its obligation to use only cars that were adequate for safe conveyance, the sleeping-car company, its conductor and porter, were, in law, the servants and employees of the railroad company. Their negligence, or the negligence of either of them, as to any matters involving the safety or security of passengers while being conveyed, was the negligence of the railroad company. The law will not permit a railroad company, engaged in the business of carrying persons for hire, through any device or arrangement with a sleeping-car company whose cars are used by the railroad company, and constitute a part of its train, to

evade the duty of providing proper means for the safe conveyance of those whom is has agreed to convey."

Recognizing the higher duty due by common carriers to passengers, we are of opinion that the principles announced by the Supreme Court in this case are applicable to the case at bar. The employment of a common carrier, whether it be to carry passengers or freight, is a public employment, and the duty he owes as such is a public duty, calling for the exercise of a high degree of care which should not be lightly or negligently performed.

The California Fruit Transportation Company, for a consideration, furnished its cars to the plaintiff in error. These cars were agencies or means employed by the plaintiff in error for carrying on its business and performing its duty to the public as a common carrier, one of which was to provide suitable cars for the safe and expeditious carrriage and preservation of the freight it undertook to carry. A railway company cannot escape responsibility for its failure to provide cars reasonably fit for the conveyance of the particular class of goods it undertakes to carry, by alleging that the cars used for the purposes of its own transit were the property of another. The undertaking of the plaintiff in error was to properly care for and safely carry the fruit of the defendant in error, and it is immaterial that the cars in which they were carried were owned by the California Fruit Transportation Company, or that such company undertook to ice said cars, or to pay for the ice. As between the plaintiff in error and defendant in error; the California Fruit Transportation Company and its employees were the agents of the plaintiff in error. So far as the defendant in error was concerned, the plaintiff in error was under the same obligations to care for the fruit that it would have been had the refrigerator cars belonged to it.

For these reasons the judgment is affirmed.

*Affirmed.*